UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| ALBERTO RIVERA, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| -v- | |
| DISCOVERY WINES LLC, | |
| Defendant. | |

------------------------------------------------------------x

Plaintiff, ALBERTO RIVERA, (hereinafter "Plaintiff"), through undersigned counsel, hereby files this Complaint against DISCOVERY WINES LLC, (hereinafter "Defendant"), seeking injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181. et. seq., of the AMERICANS WITH DISABILITIES ACT ("ADA"), the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with jurisdiction under 28 U.S.C. §§ 1331, 1343, 220, and pursuant to §1367(a) this Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York and the acts of discrimination alleged in this complaint occurred in New York County and the public accommodation which is the subject of this action is situated in this District.

3. The Remedies provided by the New York State Human Rights Law Against Discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4. At the time of Plaintiff's visit to Defendant's subject facility in December 01, 2018, prior to the institution of the instant action, Plaintiff was a resident of the State of New York and suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990. Plaintiff suffers from paraplegia and is wheelchair bound.

5. The Plaintiff personally visited Defendant's property, but was denied full and equal access to, and full and equal enjoyment of the facilities at Defendant's property, which is the subject of this lawsuit.

6. Upon information and belief Defendant is authorized to conduct, and is conducting business within the State of New York and is the owner, lessee and/or operator of the real property (hereinafter referred to as "Defendant's Property") and the owner of the improvements of the subject facility which is located at 10-12 Avenue A, New York, NY 10019 (hereinafter and heretofore referred to as "Subject Facility").

7. Upon information and belief, the Defendant maintains, manages and controls the Subject Facility, established as a liquor store, Discovery Wines LLC, and is a "place of Public Accommodation" within the meaning of Title III of the ADA because its operations affect commerce and among other things, it is "a sales...establishment ..." 42 U.S.C. §12181(7)(B); see 28 C.F.R. §36.104. All events giving rise to this lawsuit occurred in the City, County and State of New York and as such, venue is proper in this Court as the premises is located in the City, County and State of New York.

8. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq. Commercial enterprises were provided one and half years form enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

9. Congress found among other things that:

   i. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   ii. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   iii. Discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   iv. Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discrimination affects architectural, transportation, communication barriers, and failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, benefits, or other opportunities; and

   v. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to

       pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

       42 U.S.C. §12101(a)(1)-(3), (5) and (9).

10.    Congress explicitly stated that the purpose of the ADA was to:

   i.    Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; and

   ii.   Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

   iii.  Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination on a daily basis by people with disabilities.

       42 U.S.C. §12101(b)(1),(2) and (4).

11.    Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Subject Facility is a place of public accommodation in that it is a liquor store which provides goods and services to the public.

12.    The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations, and/or undergone substantial remodeling, repairs and/or alterations, since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications.

13.    Defendant has discriminated, and continues to discriminate, against the Plaintiff and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at

Defendant's Property, in derogation of 42 U.S.C. §12101 et. seq..and as prohibited by 42 U.S.C. §12182, et. seq.. and by failing to remove architectural barriers pursuant to 42 U.S.C.§ 12182(b)(2)(a)(iv), where such removal is readily achievable.

14. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendant's Property.  Prior to the filing of this lawsuit, Plaintiff personally visited Defendant's Property, with the intention of using Defendant's facilities, but was denied access to the Subject Property, and therefore suffered an injury in fact. Plaintiff specifically intends to visit the liquor store in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Subject Property, all in violation of the ADA, and the New York State and New York City Human Rights Law. The barriers to access the liquor store have effectively denied Plaintiff's ability to visit the property and have caused embarrassment and frustration to the Plaintiff by not being able to access the liquor store.

## COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

15. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act.

16. The Defendant's Subject Facility is in violation of 42 U.S.C. §12181et seq..the ADA and 28 C.F.R. §36.302, et. seq., and is discriminating against the Plaintiff as a result of, inter alia, the following specific violations:

  Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36,   under
  which said Department may obtain civil penalties of up to $110,000 for the first
  violation and $150,000 for any subsequent violation.
  Failure to provide accessible entrance due to the step at said entrance to the

liquor store and the failure to install ramps with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance, as required by 28 C.F.R. Part 36. The step leading to the Subject Facility is an insurmountable barrier to the ingress and egress for Plaintiff and other individuals who use wheelchairs violating 207. Standards 4.3.2(1) requires at least one accessible route be provided from public streets or sidewalks to the accessible building entrance they serve. The step at the entrance to the liquor store means there is no accessible route for the Plaintiff and others so situated.

The step at the entrance violates 206.1, 206.2, and 206.2.1 by failing to provide an accessible route from the city sidewalk to the liquor store entrance. This step is an insurmountable barrier to the ingress and egress for Plaintiff and other individuals who use wheelchairs violating 207. The step violates 206.4 which require that entrances shall comply with 404 and be on an accessible route complying with 402.

Required minimum maneuvering clearance not provided at entrance door to the liquor store; Failure to provide accessible aisles of at least 36 inches clearance between parallel edges of tables or between a wall and the table edges to all accessible tables inaccordance with the requirements of 28 C.F.R. Part 36, Section 5.3.

ADAAG 7.2 (1) In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 in (915mm) in length with a maximum height of 36 in (915 mm) above the finish floor. It shall be on an accessible route complying with 4.3. Such counters shall include, but are not limited to, counters in retail stores, and distribution centers. The accessible counters must be dispersed throughout the building or facility. In alterations where it is technically infeasible to provide an accessible counter, an auxiliary counter meeting these requirements may be provided.

ADAAG 7.2 (2) In areas used for transactions that may not have a cash register but at which goods or services are sold or distributed including, but not limited to, ticketing counters, teller stations, registration counters in transient lodging facilities, information counters, box

office counters and library check-out areas, either:

(i) a portion of the main counter which is a minimum of 36 in (915 mm) in length shall be provided with a maximum height of 36 in (915 mm); or

(ii) an auxiliary counter with a maximum height of 36 in (915 mm) in close proximity to the main counter shall be provided; or

(iii) equivalent facilitation shall be provided (e.g., at a hotel registration counter, equivalent facilitation might consist of: (1) provision of a folding shelf attached to the main counter on which an individual with a disability can write, and (2) use of the space on the side of the counter or at the concierge desk, for handing materials back and forth).  All accessible sales and service counters shall be on an accessible route complying with 4.3.  Failure to provide signage in the Subject Facility addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

17. Upon information and belief, there are other current violations of the ADA at Defendant's Property, and only upon a full inspection can all said violations be identified

18. To date the architectural barriers, the removal of which is readily achievable, and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19. Pursuant to the ADA, 42 U.S.C. §12101 et seq..and 28 C.F.R.§36.304, the Defendant was required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992.  To date, the Defendant has failed to comply with this mandate.

20. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facility to make them

independently accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

21. Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42U.S.C. sections 12188(b)(l)(B)(i), (b)(2)(A)(iv).

## COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

22. The New York City Human Rights Law provides: (a) It shall be an unlawful discriminatory practice for any person
> being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived ... disability ...of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof …to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of... disability...
> NYC Admin. Code § 8-107(4)(a).

23. Defendant is in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations, and services of the Subject Facility.

## COUNTY III – VIOLATIONS OF THE NEWYORK STATE HUMAN RIGHTS LAW

24. The Plaintiff repeats and re-alleges the allegations above made, as if set forth in their entirety herein.

25. The New York State Human Rights Law provides:
> a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation.... because of the ... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such

place shall be refused, withheld from or denied to any person on account of... disabilityNYS Executive Law § 296 (2)(a).

26. Defendant's Property is a place of public accommodation as defined in the New York State Human Rights Law.

27. The Defendant has further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

28. Defendant is in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all the benefits, accommodations, and services of the Subject Facility.

29. The Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law §296(2)(c)(iii).

30. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 29 as if set forth in their entirety here.

31. As a direct and proximate result of Defendant's unlawful discrimination, in violation of the Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to humiliation, embarrassment, stress and anxiety.

## ATTORNEYS' FEES AND COSTS

32. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendant, pursuant to the ADA and the New York City Human Rights LawPlaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## DAMAGES

33. Plaintiff demands compensatory damages in the sum of TWENTY- FIVE THOUSAND DOLLARS ($25,000.00) per violation of the NYCHRL and the NYSHRL, severally;

## INJUNCTIVE RELIEF

34. Pursuant to 42 U.S.C. 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights Law and closing the facilities until the requisite modifications are completed.

**WHEREFORE,** the Plaintiff hereby demands judgment against the Defendant and requests the following injunctive and declaratory relief:

    A. The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendant is violative of the ADA, the New York City Human Rights Law, Executive Law and of the New York State Human Rights Law;

    B. The Court enter an Order requiring the Defendant to alter the facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title *III* of the ADA, the NYCHRL and the NYSHRL; issue a permanent injunction ordering the Defendant to remove all violations of the ADA, Executive Law and Administrative Code,

including, but not limited to, the violations set forth above;

C.      Award plaintiff compensatory damages in a sum of TWENTY-FIVETHOUSAND DOLLARS ($25,000.00) per violation, of the NYCHRL and the NYSHRL, severally;

D.      Issue a permanent injunction against the defendant, requiring defendant,and all persons or entities in active concert therewith, to provide accessible route into the liquor store at the Premises for individuals who use wheelchairs, and to make all public portions of the Premises accessible to him.

E.      Find that plaintiff is a prevailing party in this lawsuit and award reasonable attorney's fees, costs and expenses against defendant, and award such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

F.      Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

G.      The Court awards such other and further relief as it deems necessary just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated:      New York, New York
            February 14, 2019

                                        Respectfully Submitted,

                                By:     ____/S/_____
                                        Francisco Castillo, Esq.

*Attorney for Plaintiff*
108-25  Merrick Blvd., Suite 2R
Jamaica, NY 11433
Franciscoocastillo1@gmail.com
Tel: 917-810-5545