USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/24/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALBERTO RIVERA,

                Plaintiff,

v.

DISCOVERY WINES LLC,

                Defendant.

No. 19-CV-1418 (RA)

MEMORANDUM OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

On February 14, 2019, Plaintiff commenced this action under the Americans with Disabilities Act, the New York City Human Rights Law, and the New York State Human Rights Law. Since filing the Complaint over five months ago, Plaintiff has failed to file proof of service on the docket, failed to appear at an initial pretrial conference, and failed to respond to two Court orders requiring him to explain his failure to prosecute this action. For the reasons that follow, this action is dismissed, *sua sponte*, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, albeit without prejudice.

## BACKGROUND

Plaintiff filed the Complaint in this action on February 14, 2019. An electronic summons was issued the following day. On February 20, 2019, the Court issued an order scheduling an initial pretrial conference for May 2, 2019 at 12:15 p.m. Neither Plaintiff nor Defendant appeared at the conference. Accordingly, on May 2, 2019, the Court issued an order stating as follows: "No later than May 16, 2019, Plaintiff shall submit a letter to the Court stating whether he intends to prosecute this action and explaining why he failed to appear at the initial pretrial conference that was scheduled for today at 12:15 p.m. If Plaintiff does not submit a letter to the Court by May 16, 2019, this action

may be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." Plaintiff did not file a response to this order.

On May 28, 2019, the Court again ordered Plaintiff, no later than June 11, 2019, to submit a letter to the Court "stating whether he intends to prosecute this action and explaining why he failed to appear at the initial pretrial conference." The Court further ordered Plaintiff to "explain why he failed to serve the summons and complaint within the 90 days prescribed by Rule 4(m) of the Federal Rules of Civil Procedure, or, if Plaintiff believes that Defendant has been served, when and in what manner such service was made." The Court warned Plaintiff that if he did not file such a letter by June 11, 2019, the Court would dismiss the case pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. Six weeks have passed since the June 11 due date provided for in that order, and Plaintiff still has failed to respond.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, more than 90 days have passed since the filing of the Complaint and no proof of service has been filed on the docket. Moreover, the Court has already notified Plaintiff that this action would be dismissed if, by June 11, 2019, Plaintiff did not submit a letter to the Court explaining his failure to serve. This action is therefore dismissed, without prejudice, under Rule 4(m). *See Melendez v. City of New York*, 12-CV-9241 (AJN), 2014 WL 6865697, at *1 (S.D.N.Y. Dec. 4, 2014) ("Rule 4(m) plainly states that in such instances [involving failure to serve] a court may, on its own, dismiss the complaint without prejudice so long as it has first given notice to the plaintiff.").

2

Rule 41(b) of the Federal Rules of Civil Procedure furnishes an additional basis for dismissing this suit. "Rule 41(b) . . . authorizes the district court to dismiss an action if the plaintiff fails to prosecute or to comply with the rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks and brackets omitted). "Although the text of [Rule 41(b)] expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal citation omitted). "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste*, 768 F.3d at 216 (internal quotation marks omitted).

Plaintiff here has not complied with any of the Court's orders in this case. He did not serve Defendant, submit the required pre-conference materials, appear at the initial pretrial conference, or comply with either of the Court's two subsequent orders asking him to explain his failure to appear. He has thus been out of compliance with the Court's orders since the commencement of this action. In addition, Plaintiff was on notice that his failure to comply would result in the dismissal of this case. Both the May 2, 2019 order and the May 28, 2019 order warned him that his failure to respond might result in the dismissal of this action for failure to prosecute. The May 28 order, in fact, definitively warned Plaintiff that the Court "*will* dismiss the case" if Plaintiff failed to comply. Although prejudice to Defendant from further delay is likely minimal given the recency of the events described

3

in the Complaint, the Court's interest in managing its docket is significant, as "it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket" where "Plaintiff has made no effort to comply with the Court's [o]rders or to prosecute this case[.]" *Antonio v. Beckford*, 05-CV-2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006). Finally, given Plaintiff's failure to respond to any of the Court's orders, "[t]here is no reason for the Court to believe that any lesser sanction would cause Plaintiff to pursue this case with appropriate speed." *Id.* The Court therefore concludes that dismissal is appropriate in this case. Because part of the basis for dismissal is failure to serve pursuant to Rule 4(m), the dismissal will be without prejudice. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action *without prejudice* against that defendant or order that service be made within a specified time.") (emphasis added); *See Ventura v. Volunteers of Am.*, 12-CV-8946 (GBD) (JLC), 2013 WL 2642325, at *2 (S.D.N.Y. June 13, 2013), *report and recommendation adopted*, 2013 WL 3388506 (S.D.N.Y. July 2, 2013) (dismissing the case for failure to prosecute, without prejudice, where the plaintiff was "twice notified of her obligation to effectuate timely service and twice cautioned that failure to do so would result in the dismissal of her action for failure to prosecute").

## CONCLUSION

Accordingly, this action is dismissed, without prejudice, pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: July 24, 2019
New York, New York

_____
Ronnie Abrams
United States District Judge

4